IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEVEN B. GOLDEN ASSOCIATES, INC. d/b/a ARTSKILLS<br><br>　　　　　　Plaintiff<br>　vs.<br><br>ROYAL CONSUMER PRODUCTS, LLC,<br><br>　　　　　　Defendants | CIVIL ACTION NO. 09-3890 |

**HENRY S. PERKIN**                                                     **September 10, 2009**
**United States Magistrate Judge**

## MEMORANDUM

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("motion") filed August 28, 2009.[1] Defendant's *Opposition* to Plaintiff's Motion for a Temporary Restraining Order ("response") was filed on September 8, 2009. On September 9, 2009, the Court held a hearing on Plaintiff's motion for a temporary restraining order.[2] Having reviewed and considered the contentions of the parties, submissions of counsel, as well as the argument and testimony presented at the hearing, the Court is prepared to rule on this matter. For the reasons that follow, Plaintiff's motion will be denied.

---

[1] On the same date that Plaintiff filed its motion, Plaintiff's Memorandum in Support of Its Motion for a Temporary Restraining Order and a Preliminary Injunction was filed.

[2] During a September 2, 2009 telephone status conference between the Court and all counsel, the Court determined that the September 9, 2009 hearing in this matter was for the limited purpose of addressing Plaintiff's motion for a temporary restraining order. Accordingly, this Memorandum does not address Plaintiff's request for a preliminary injunction and the opinions contained in this Memorandum should not be determinative of how the Court will rule on Plaintiff's motion for preliminary injunction.

**I.     BACKGROUND**

On August 26, 2009, Plaintiff, Steven B. Golden Associates, Inc. d/b/a Artskills ("Artskills"), commenced this action by filing a Verified Complaint against Defendant, Royal Consumer Products, LLC ("RCP"), alleging trade dress infringement and unfair competition under the Trademark Act of 1946, as amended ("The Lanham Act"), 15 U.S.C. § 1051, *et seq*, as well as for common law trade dress infringement and unfair competition under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 - 201-9.3. On September 8, 2009, with the consent of all parties, this matter was referred to me in order to conduct any temporary restraining order proceedings, and any preliminary injunction proceedings, and entry of any such relief in accordance with 28 U.S.C. § 636(c) and Fed.. R. Civ. P. 65 and 73(b). See Docket No. 29.

With respect to Plaintiff's request for a temporary restraining order, Artskills seeks to enjoin RCP and its subsidiaries, parents, officers, directors, agents, owners, employees, representatives and attorneys and all others acting under or in concert with any of them, from displaying or otherwise using the packaging of the six Royal Brites® poster products shown in Exhibits 10-15 to the Verified Complaint,[3] and any reproduction or mere colorable variations

---

[3]    The six Royal Brites® products at issue with respect to Plaintiff's request for a temporary restraining order are contained in Plaintiff's Verified Complaint at Exhibits 10-15 and are entitled as follows: Attention Grabbers (Ex. 10); Poster Letters (Ex. 11); Stencil Kit (Ex. 12); Vinyl Letters (Ex. 13); Poster Carrier (Ex. 14); and Two Cool Poster Markers (Ex. 15). See Docket No. 1.

We note that at the conclusion of the hearing on September 9, 2009, Plaintiff attempted to amend its motion for temporary restraining order to include an additional nine Royal Brites® poster products. These additional products were not identitifed in Plaintiff's Verified Complaint. Moreover, this attempt to offer additional products was made not only after the close of the Plaintiff's case, but was made at 6:00 p.m., after the conclusion of a full day hearing. In addition, when requesting to amend the motion, counsel for Plaintiff admitted that he became aware of the additional nine products during the lunch recess, and, despite still being on Plaintiff's case when court resumed after lunch, did not mention these additional products to the Court until after the close of all of the evidence. The Court declined to allow Plaintiff an opportunity to amend its motion for a temporary restraining Order but

thereof, at (1) the upcoming 2009 ECRM School and Office Supplies trade show in Dallas, Texas starting September 13, 2009 ("2009 ECRM sales show"); and (2) any other upcoming meeting(s) with purchasers of poster product accessories.  See Docket No. 5.

## II.     STIPULATED FINDINGS OF FACT[4]

ArtSkills is a Pennsylvania corporation with its principal place of business at 1250 Braden Boulevard, Suite 200, Easton, Pennsylvania 18040.  ArtSkills develops and sells poster board accessory products, including, but not limited to: markers; stencils; pre-cut letters; numbers and graphic images; paper tools; and glitter pens.

RCP is a Delaware limited liability company with a principal place of business at 108 Main Street, Norwalk, Connecticut 06851-4640.  RCP is a supplier of office products, and related accessories and supplies for the consumer and business markets.  RCP sells a variety of products such as printing paper, poster boards, poster board accessories, and markers under its Royal Brites trademark.  RCP has marketed and sold the six Royal Brites® products shown in Exhibits 10-15 of the Complaint.

Large retailers meet with vendors and make annual purchasing decisions for school supplies at or around the beginning of the previous school year.  The ECRM School and Office Supplies sales show is held in September of every year.  Most major retailers in the country that sell school and office supplies attend the ECRM sales show, although Wal-Mart and

---

permitted Plaintiff to make an offer of proof as to the additional nine products in order to preserve the record with respect to Plaintiff's request for preliminary injunction.  Further, the Court conveyed to Plaintiff that it would likely permit Plaintiff to amend its motion for preliminary injunction to include the additional nine Royal Brites® poster products.  Given this Court's denial of Plaintiff's request for a temporary restraining order, the Court's denial of Plaintiff's request to amend its motion for temporary restraining order is of no import.

[4]     In accordance with this Court's Order dated September 1, 2009, the parties filed these stipulated findings of fact on September 8, 2009.  See Docket No. 28.

Sam's Club do not. At the sales show, ECRM arranges twenty minute meetings between buyers and sellers who attend ECRM. Often, the meetings between product vendors and retail buyers commence at the ECRM show and then are followed by subsequent meetings. During these meetings, vendors such as RCP show their product lines to retail buyers who review the vendor's product line for possible purchase. Many retailers make their purchasing decisions for the following year based, in part, on the meetings held at the ECRM show. Accordingly, the decisions that are made as a result of the 2009 ECRM show and other meetings with retailers in 2009 will affect sales for at least the next twelve months.

In September 2008, RCP displayed and offered to sell its poster board accessory product line, including the six products at issue in this suit, to at least one retailer at the 2008 ECRM School and Office Supplies sales show in Marco Island, Florida ("2008 ECRM sales show"). The six accused RCP Royal Brites® poster board accessory products were publicly on sale nationwide no later than June 2009. ArtSkills bought samples of RCP's poster board accessory products from Kmart on July 31, 2009.

The 2009 ECRM sales show begins on September 13, 2009 in Dallas, Texas.

**III.   DISCUSSION**

The United States Court of Appeals for the Third Circuit has recognized that "the grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). The standard for a temporary restraining order is the same as that for a preliminary injunction. Ride the Ducks, L.L.C. v. Duck Boat Tours, Inc., No. 04-5595, 2005 WL 670302, *4 (E.D. Pa. March 21, 2005), Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa 1994)(Joyner, J.).

When deciding whether to grant such temporary relief, the Court must consider the following four factors: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.  Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009).  A temporary restraining order shall issue only if the movant has produced evidence sufficient to convince the Court that all four factors favor such drastic relief.  New Jersey Hosp. Ass'n v. Waldman, 73 F.3d 509, 512 (3d Cir. 1995).

As indicated above, irreparable injury must be present for an injunction to issue. "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a temporary restraining order or preliminary injunction.  Instant Air Freight Co., 882 F.2d at 800 (citations omitted).  In order to demonstrate irreparable harm, Artskills must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  Id. at 801.  The availability of adequate monetary damages belies a claim of irreparable injury.  Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).  The temporary restraining order or preliminary injunction must be the only way of protecting the plaintiff from harm.  Id.

By temporary restraining order, Artskills seeks, in large part, to prohibit RCP from displaying or otherwise using the packaging of the six Royal Brites® poster products shown in Exhibits 10-15 to the Verified Complaint, at the 2009 ECRM sales show scheduled to commence on September 13, 2009.  The parties agree that the ECRM sales shows are very

5

important in that most major retailers in the country that sell school and office supplies, with the exception of Wal-Mart and Sam's Club, attend these shows.  The ECRM sales shows give product vendors, such as RCP, an opportunity to show their product lines to retail buyers who review the vendor's product line for possible purchase.  The parties agree that because many retailers make their purchasing decisions for the following year based, in part, on the meetings held at the ECRM show, decisions made as a result of the 2009 ECRM show will affect sales for at least the next twelve months.

As stipulated by the parties, it is clear that RCP displayed and offered to sell its poster board accessory product line, including the six products at issue in this suit, to at least one retailer at the 2008 ECRM School and Office Supplies sales show.  In addition, the parties agree that the six accused RCP Royal Brites® poster board accessory products were publicly on sale nationwide no later than June 2009.  In fact, ArtSkills bought samples of RCP's poster board accessory products from Kmart on July 31, 2009.

In its motion seeking a temporary restraining order, Artskills alleges that RCP's display of the six accused products at the 2009 ECRM sales show will cause a loss of Artskills to control its own reputation and a loss of goodwill.  See Plaintiff's motion (Docket No. 5) at 25.  Artskills further alleges that RCP's display of the six accused products may unfairly allow RCP to obtain customers that it would otherwise be unable to obtain.  Id.  Artskills allegations regarding loss of reputation and goodwill are general statements and do not pass muster with the Third Circuit.  See Instant Air Freight Co., 882 F.2d at 801-803 (general statements to the extent that movant will no longer exist as a result of the termination of the preliminary injunction insufficient to demonstrate irreparable harm.)  Moreover, in considering these general arguments,

it appears that, absent the temporary restraining order, Artskills could stand to lose sales and customers, and, therefore, profits. This translates to monetary damages. As indicated above, the availability of adequate monetary damages belies a claim of irreparable injury. Frank's GMC Truck Center, 847 F.2d at 102. Moreover, this Court notes that Artskills has failed to prove that either it, or RCP for that matter, have been able to obtain customers by virtue of these six products alone. We conclude, therefore, that upon review of the evidence presented at this juncture, Artskills will not be irreparably harmed by the denial of this temporary restraining order because this denial simply maintains the status quo and permits RCP to sell its products as it has been doing since the 2008 ECRM sales show. Any relevant sales of the accused products are subject to Artskills claim that it is entitled to damages, in addition to any equitable relief that the Court may consider in the future.

With respect to the balance of harms, this Court concludes that the 2009 ECRM sales show is an important opportunity for RCP to sell its products and to attempt to forge relationships with retailers with respect to its poster board accessory product line. In fact RCP has indicated that it has participated in the ECRM sales show for many years and its participation is vital to its sales success for the following year. See Declaration of Richard Repecki (Docket No. 22) ("Repecki Dec.") at ¶8. RCP has invested considerably in the 2009 ECRM sales show (Repecki Dec. at ¶8), which is only a few days away, and this Court finds that prohibiting RCP from displaying the six accused poster board accessory products, which have already been shown to retailers at the 2008 ECRM sales show, would negatively affect RCP's sales throughout 2010. Because we find that Artskills has not shown that they would suffer irreparable harm and the balance of harms favors RCP, we need not consider the remaining factors. See New Jersey

Hosp. Ass'n v. Waldman, 73 F.3d at 512 (movant must produce evidence sufficient to convince the Court that all four factors are met for injunction to issue).

## IV.  CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for a temporary restraining order.  An Order consistent with this Memorandum follows.